UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LARRY GENE FRETWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 5:20-cv-00393-LSC-JHE |
| ) | |
| DEBORAH TONEY, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

The magistrate judge entered a report on January 22, 2021, recommending the court dismiss Petitioner Larry Gene Fretwell's petition for a writ of habeas corpus as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). (Doc. 9). On February 1, 2021, Fretwell filed objections to the report and recommendation. (Doc. 10).

In his objections, Fretwell reasserts his contention that *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), entitle him to equitable tolling of the statute of limitations. (Doc. 10 at 3). The magistrate judge noted, however, that the Eleventh Circuit Court of Appeals has plainly rejected the argument that *Martinez* and *Trevino* provide a basis for equitable tolling of the statute of limitations. *See Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014) ("Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in *Martinez* and *Trevino* of when and how cause might excuse noncompliance with a state procedural rule is

1

wholly inapplicable here.") (quotation marks omitted); *Chavez v. Sec'y Dep't of Corr.*, 742 F.3d 940, 946 (11th Cir. 2014) ("reject[ing] the notion that anything in *Martinez* provides a basis for equitably tolling the filing deadline"). Specifically, the Eleventh Circuit's explained in *Arthur* that it was unnecessary for the Supreme Court to address equitable tolling in *Martinez* and *Trevino* because the ineffective assistance of trial counsel claims "were not barred by AEDPA's one-year statute of limitations period." *Arthur*, 739 F.3d at 630.

Fretwell reasons that if the ineffective assistance of counsel claims in *Martinez* and *Trevino* were not barred by the statute of limitations, "then Fretwell's . . . claims of ineffective assistance of trial counsel are certainly not barred nor are they untimely filed." (Doc. 10 at 3). However, Fretwell ignores the Eleventh Circuit's conclusion in *Arthur*. The Eleventh Circuit held the "*Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period." *Arthur*, 739 F.3d at 630. Indeed, the court emphasized that "[a]t no point in *Martinez* or *Trevino* did the Supreme Court mention the 'statute of limitations,' AEDPA's limitations period, or tolling in any way" and, therefore, these cases were inapplicable to Arthur's untimely petition. *Id*. at 630 (quotation marks omitted). Accordingly, neither *Martinez* nor *Trevino* operate to equitably toll the one-year statute of limitations period and Fretwell's petition is untimely.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court hereby **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendation. In accordance with the recommendation, the court finds the petition is due to be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Fretwell's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** and **ORDERED** on February 19, 2021.

_____
L. Scott Coogler
United States District Judge

160704